**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR04-0035-LRR |
| vs. | **FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| KENT EUGENE WALKER, JR., | |
| Defendant. | |

This matter is before the court pursuant to its April 24, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the same percentage pursuant to USSG §5K1.1, . . . the maximum reduction results in a new term of 60 months imprisonment on count 1.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's April 24, 2008 order. Nonetheless, on May 2, 2008, the government responded to the court's preliminary order and notified the

court that it could rely on 18 U.S.C. § 3553(e) to reduce the defendant's sentence below the statutory mandatory minimum.[1] Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 68 month term of imprisonment, as reflected in the judgment dated December 15, 2005, is reduced to 55 months imprisonment.[2] The defendant's new term of 55 months imprisonment applies to count 1 of the indictment. Except as provided above, all provisions of the judgment dated December 15, 2005 remain in effect. As previously stated in the April 24, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 09261-029, and the Federal Public Defender.

---

[1] In its notice, the government asserts that the court previously reduced by twenty-five percent the defendant's guideline range. In its preliminary order, the court stated that it previously reduced by thirty percent the defendant's guideline range. The thirty percent figure is correct, and the court believes that the government mistakenly relied on the wrong figure.

[2] For purposes of the April 24, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 29 | Amended Offense Level: | 27 |
|---|---|---|---|
| Criminal History Category: | II | Criminal History Category: | II |
| Previous Guideline Range: | 97 to 121 months | Amended Guideline Range: | 78 to 97 months |

The court previously imposed a term of imprisonment below the guideline range applicable to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1, and the government now deems it appropriate to rely on 18 U.S.C. § 3553(e). Consequently, the reduced sentence of 55 months imprisonment on count 1 of the indictment is comparably less than the amended guideline range.

**IT IS SO ORDERED**.

**DATED** this 15th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA